IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

DR. KRISHNA M. PINNAMANENI, individually, and as Trustee of THE
KRISHNA M. AND BHAVANI K. PINNAMANENI REVOCABLE
LIVING TRUST, *Plaintiffs/Appellants*,

*v.*

ARIZONA REGISTRAR OF CONTRACTORS, an Arizona administrative
agency; THE UNTOUCHABLES, INC., an Arizona corporation,
*Defendants/Appellees.*

No. 1 CA-CV 14-0006
FILED 4-9-2015

---

Appeal from the Superior Court in Maricopa County
No. LC2013-000147-001
The Honorable Crane McClennen, Judge

**REVERSED AND REMANDED**

---

COUNSEL

The Butler Law Firm, Phoenix
By Everett S. Butler, Matthew Williams
*Counsel for Appellants*

Arizona Attorney General's Office, Phoenix
By Michael D. Raine
*Counsel for Appellee Arizona Registrar of Contractors*

---

## OPINION

Judge Kent E. Cattani delivered the opinion of the Court, in which Presiding Judge Jon W. Thompson and Judge Donn Kessler joined.

---

**C A T T A N I**, Judge:

¶1          In this appeal, we construe the statutory requirements for eligibility to assert a claim for compensation from the Residential Contractors' Recovery Fund ("Fund") as a "person injured" by a residential contractor's violation of the rules governing registered contractors. *See* Ariz. Rev. Stat. ("A.R.S.") §§ 32-1132(A), -1131(3).[1]  The statutes define a "person injured," as relevant here, as the owner of residential real property, who occupies or intends to occupy the residence, and who is damaged by a residential contractor's deficient work.  A.R.S. § 32-1131(3).  We conclude that an individual who occupies or intends to occupy the residence, and who is the trustor, trustee, and beneficiary of a revocable trust that owns the property, meets the statutory owner–occupant requirement of § 32-1131.  We also conclude that the statute does not require contractual privity between an owner of property and the residential contractor as a prerequisite to recovery from the Fund.  *See* A.R.S. § 32-1131(3).  Finally, we hold that participation in the underlying complaint to the Arizona Registrar of Contractors ("ROC") that established the contractor's violation is not a statutory prerequisite to recovery from the Fund.  Accordingly, and for reasons that follow, we reverse the ROC's denial of the claim.

### FACTS AND PROCEDURAL BACKGROUND

¶2          In 2003, Krishna Pinnamaneni ("Pinnamaneni") began designing a home for himself and his family to be built on property owned by the Krishna M. and Bhavani K. Pinnamaneni Revocable Living Trust ("Trust").  During the home's construction, Pinnamaneni acted through his limited liability company, Pioneer Family Investments ("Pioneer"), as his agent to negotiate all contractual and financial matters, including a contract with The Untouchables, Inc. (the "Contractor") on behalf of himself and the Trust.

---

[1]     Absent material revisions after the relevant date, we cite a statute's current version.

**¶3** Because of problems caused by the Contractor during construction, Pinnamaneni—through Pioneer—filed an ROC complaint. In the section titled "Person Filing the Complaint," Pinnamaneni checked the box next to "homeowner" and listed his name. The complaint also included a line to designate a "Company name (If filing on behalf of a company)" under which Pinnamaneni listed "Pioneer Family Investments, LLC." Before submitting the complaint, Pinnamaneni sought clarification on how to complete this portion of the form from the ROC, and he asserts that someone at the ROC advised him that "if Pioneer is your agent, and your family is the sole owner, you can use Pioneer as the complainant, because you will be coming as the sole owners, family owner's agent." Shortly after filing the complaint, Pinnamaneni submitted a supplement to request additional damages, signing the supplement in his capacity as "Managing Member, Pioneer Family Investments, LLC."

**¶4** Following a hearing on the ROC complaint, an administrative law judge found that the Contractor had performed deficient work and recommended revoking the company's license. The ALJ's recommended decision, which listed Pioneer as the complainant, was subsequently adopted by the ROC.

**¶5** After the Contractor filed for bankruptcy, Pinnamaneni (on his own behalf and as trustee) and Pioneer filed a joint claim to recover payment from the Fund for damages incurred as a result of the deficient construction. The ROC denied the claim, however, on the basis that "[Pinnamaneni, the Trust, and Pioneer] do not meet the legal definition of a 'person injured' as required by § 32-1131.3."

**¶6** Pinnamaneni, the Trust, and Pioneer requested an administrative hearing to contest the ROC's eligibility determination. Pinnamaneni testified at the hearing that he used Pioneer as his agent during the construction, and that he lives in the house, which is owned by the Trust. Pinnamaneni also indicated that he had filed the original complaint against the Contractor both on his own behalf and on behalf of Pioneer.

**¶7** Following the eligibility hearing, the ROC ruled that because only Pioneer (and not the Trust) filed the underlying complaint, Pinnamaneni did not meet the statutory qualification for obtaining a recovery from the Fund. The ROC further found that Pinnamaneni's lack of contractual privity with the Contractor (because only Pioneer was a party

to the contract) also rendered Pinnamaneni ineligible to recover from the Fund.[2]

¶8          Pinnamaneni, individually and as trustee, appealed the denial of his claim to the superior court, which affirmed the ROC's order. He then timely appealed to this court, and we have jurisdiction under A.R.S. §§ 12-2101(A)(1) and -913.

## DISCUSSION

¶9          Pinnamaneni argues that the superior court erred by upholding the denial of his claim, arguing in particular that (1) he qualifies for recovery from the Fund as a "person injured" by the Contractor's deficient work, and (2) A.R.S. § 32-1154 does not require the injured party to have filed the underlying ROC complaint to receive compensation from the Fund.

¶10          "When reviewing a superior court judgment affirming administrative action, we will determine whether there is substantial evidence to support the decision." *Sunpower of Ariz. v. Ariz. State Registrar of Contractors*, 166 Ariz. 437, 439, 803 P.2d 430, 432 (App. 1990). We review questions of statutory interpretation de novo, looking first to the language of the statute, then to the Legislature's intent. *Magness v. Ariz. Registrar of Contractors*, 234 Ariz. 428, 432, ¶ 15, 323 P.3d 711, 715 (App. 2014).

¶11          Under A.R.S. § 32-1154(G), "if a contractor's license has been revoked or has been suspended as a result of an order to remedy a violation of this chapter, the registrar may order payment from the residential contractors' recovery fund to remedy the violation." The Fund thus provides a mechanism to compensate "any person injured" by an act, representation, transaction, or conduct of a licensed residential contractor in violation of the rules governing contractors. A.R.S. § 32-1132(A); *see also Shelby v. Ariz. Registrar of Contractors*, 172 Ariz. 95, 97–98, 834 P.2d 818, 820–21 (1992). A person injured by the violation may be awarded up to $30,000 for actual damages suffered as a direct result of the contractor's violation. A.R.S. § 32-1132(A).

¶12          Under A.R.S. § 32-1131(3), a "person injured" is defined as:

> any owner of residential real property which is classified as
> class three property under § 42-12003 and which is actually

---

[2]          The ROC also denied Pioneer's claim to recovery from the Fund; Pioneer did not appeal that determination.

occupied or intended to be occupied by the owner as a residence including community property, tenants in common or joint tenants who are damaged by the failure of a residential contractor or a dual licensed contractor to adequately build or improve a residential structure or appurtenance on that real property. Included in this definition are lessees of residential real property who contract directly with a residential contractor or indirectly with a subcontractor of that contractor and homeowners' or unit owners' associations after transfer of control from the builder or developer for damages to the common elements within the complex.

Thus, to qualify as a "person injured" under § 32-1131(3), the claimant must (1) be an owner of residential real property; (2) actually occupy or intend to occupy the property as a residence; and (3) be damaged by the failure of a residential contractor to adequately build or improve a residential structure. *McMurren v. JMC Builders, Inc.*, 204 Ariz. 345, 350, ¶ 15, 63 P.3d 1082, 1087 (App. 2003).

¶13 The residential property at issue here is owned by the Trust, and Pinnamaneni (not the Trust) occupies the property as a residence. The Trust, however, is revocable, and Pinnamaneni created the Trust and is both the trustee and a beneficiary. As both the trustor and trustee of a revocable trust, Pinnamaneni had complete control over the property in the Trust. *See, e.g.*, A.R.S. § 14-10603(A) ("While a trust is revocable by the settlor, the rights of the beneficiaries are subject to the control of, and the duties of the trustee are owed exclusively to, the settlor."). We therefore conclude that under these circumstances—where the property is owned by a revocable trust and the occupant is the trustor, trustee, and beneficiary of that revocable trust—the trustee acting on behalf of the trust satisfies the owner and occupant requirements of § 32-1131(3). Accordingly, Pinnamaneni is entitled to compensation as a "person injured" under § 32-1131.

¶14 The ROC and the superior court alternatively concluded that, under § 32-1131, Pinnamaneni's lack of contractual privity with the Contractor precludes him from asserting a claim for recovery from the Fund. Although that statute does not include any reference to a contract between a property owner and the contractor alleged to have caused the damage, the ROC asserts that a contractual privity requirement is evidenced by the legislative history of § 32-1131, which noted that the Fund was established as part of a broad scheme "to provide improved protection for owners and lessees of property *who contract for* the construction or

alteration of residential structures." 1981 Ariz. Sess. Laws, ch. 221, § 1 (emphasis added). But the definition of "person injured" has changed since the statute was initially enacted in 1981. The 1981 version of § 32-1131 defined "person injured" as:

> any owner of real property or his successor in interest or lessee who contracts directly with a licensed contractor or indirectly with a licensed subcontractor of such contractor for the construction of or improvements or alterations to a residential structure and appurtenances thereto.

In contrast, as set forth above, the current version of § 32-1131 includes no such reference to contractual privity between a property owner whose property is damaged and the contractor alleged to have caused the damage (although the statute retains such a requirement for a lessee). In light of this change removing the contractual privity requirement for property owners seeking recovery from the Fund, the legislative history does not support the ROC's interpretation of the current version of the statute.

¶15 The ROC further asserts that, although there is no express statutory requirement that an injured property owner have had a contractual relationship with the contractor, the contrary interpretation improperly "isolates one part of the entire recovery fund scheme." The ROC references "other Fund statutes" that "expressly require a contractual relationship," and concludes that such provisions suggest an overall requirement that there be a contractual relationship. But the statute that contains such a requirement, § 32-1131(3), includes in the definition of "person injured" "lessees of residential real property who contract directly with a residential contractor or indirectly with a subcontractor of that contractor." A contractual privity requirement for *lessees* who seek recovery from the Fund is logical because faulty construction on a residence presumably damages the *owner* of the residence, rather than the lessee, unless the lessee is the person who contracted for the work at issue.

¶16 Moreover, the fact that the Legislature imposed a contractual privity requirement for one category of persons injured while leaving out such a requirement for another category supports the conclusion that the requirement does *not* apply to the other category. *See Luchanski v. Congrove,* 193 Ariz. 176, 179, ¶ 14, 971 P.2d 636, 639 (App. 1998) ("When the legislature has specifically included a term in some places within a statute and excluded it in other places, courts will not read that term into the sections from which it was excluded."). Thus, we conclude that the contractual privity requirement applies only to lessees, and not to property owners.

¶17 Finally, the ROC argues that Pinnamaneni is not eligible for recovery from the Fund because he was not a party to the ROC complaint against the Contractor. The ROC acknowledges that the statutory scheme is silent as to whether recovery is contingent on participation in the underlying complaint against a contractor, but asserts that "[i]t is axiomatic that to recover under a complaint, one must be a party to the action in which the complaint is filed." We disagree. In this context, resolution of a complaint simply establishes a violation, which is a question independent of who was damaged by the violation.

¶18 Furthermore, A.R.S. § 32-1154(G) provides that recovery funds are available "to remedy the violation." Subsection (G) is not contingent on who files a complaint, and, significantly, A.R.S. § 32-1154(B) permits investigation and punishment of a violation on the ROC's *own motion*. The ROC's interpretation would frustrate § 32-1154(G)'s intended compensatory purpose in any case in which the ROC initiated proceedings on its own motion. Given the absence of an express requirement that a "person injured" have taken part in the underlying complaint against the contractor, and interpreting the statutory scheme as a whole, we conclude that a "person injured" as defined in § 32-1131 is entitled to recover from the Fund even if not a party to the underlying ROC complaint.

¶19 Because Pinnamaneni, as trustee of the Trust and occupant of the residence, qualifies for recovery from the Fund as a "person injured," the superior court erred by upholding the ROC's denial of Pinnamaneni's claim for recovery from the Fund under A.R.S. § 32-1132. Pinnamaneni has requested attorney's fees on appeal under A.R.S. § 12-348. As the prevailing party, Pinnamaneni is entitled to an award of reasonable attorney's fees and costs upon compliance with ARCAP 21.

## CONCLUSION

¶20 For the forgoing reasons, we reverse the superior court's judgment affirming the ROC order and remand for further proceedings consistent with this opinion.



Ruth A. Willingham · Clerk of the Court
FILED : ama